## Case No. 1,456.

### BLACHLY et al. v. DAVIS et al.

[1 McLean, 412.][1]

Circuit Court, D. Indiana. May Term, 1839.

COURTS—JURISDICTION—PROOF—GENERAL ISSUE—DEFECT OF JURISDICTION IN PLEADINGS — REMEDY.

[1. Plaintiff need not prove that defendants served within the state are residents thereof where such defendants have pleaded the general issue.]

[2. A defect of jurisdiction appearing in the pleadings may be taken advantage of by motion in arrest of judgment, or by writ of error.]

[At law. Action by Blachly, Strong, and Simpson against Davis and Moon. Defendants move to dismiss for failure to prove that they are citizens of the state. Motion denied.]

Mr. Pettit moved the court to instruct the jury that the plaintiffs cannot recover, unless they shall prove that the defendants are citizens of this state.

But THE COURT said, it is never necessary, under the general issue, which has been pleaded in this case, to prove the citizenship of either party. It was formerly held in the circuit court of the United States, in Pennsylvania, that the plaintiff must prove his citizenship as averred in his declaration, or he failed in his action. But this decision has been long since overruled in that court. The rule is well established, that if the defendant wishes to deny the citizenship of the plaintiff, he must plead it specially, and issue is joined on the fact, which is, generally, tried by the jury, before the merits of the cause are investigated. And so if a defendant has been sued in a district where the court has no jurisdiction, he must plead the

[1] [Reported by Hon. John McLean, Circuit Justice.]

matter specially. If there be a general plea to the merits, it is an admission of the jurisdiction; both as to the plaintiff and defendant. In this case the writ has been duly served on the defendants within this state, as appears from the return of the marshal. And by filing the general issue, the defendants are precluded from raising this objection. If the defendants did not live in the district, they were not amenable to the jurisdiction, under the law which declares no individual shall be liable to be sued out of the district in which he resides, or in which the process is served; but this matter to be available in defence, must be pleaded. The return of the officer who served the process, will always be received as prima facie evidence, that it was properly served, and that the defendants are citizens of the district in which they were found.

Where a defect of jurisdiction appears in the pleadings, advantage may be taken of it by motion in arrest of judgment, or by writ of error.

Motion overruled and judgment.